IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

No. 15-0696

**FILED**

**October 11, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

KENNETH ALLEN MARCUM,
Defendant Below, Petitioner

Appeal from the Circuit Court of Mingo County
Honorable Miki J. Thompson, Judge
Criminal Action No. 14-F-105

AFFIRMED

Submitted: September 14, 2016
Filed: October 11, 2016

Jerry M. Lyall, Esq.
Williamson, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
David A. Stackpole, Esq.
Assistant Attorney General
Zachary Aaron Viglianco, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.

**SYLLABUS BY THE COURT**

1.  "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

2.  Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing.

3.  "When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice." Syl. Pt. 5, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

i

4.  "'"When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

LOUGHRY, Justice:

The petitioner, Kenneth Allen Marcum, appeals the June 18, 2015, order of the Circuit Court of Mingo County denying his motion to reduce his sentence filed under Rule 35(b) of the West Virginia Rules of Civil Procedure. Following the entry of his guilty plea, the petitioner was convicted of two felonies: Conspiracy to commit the destruction of property and Attempt to commit grand larceny. He was sentenced to consecutive terms of incarceration of one to five years and one to three years, respectively. The petitioner asserts that the circuit court abused its discretion in not reducing his sentence by awarding him probation or concurrent sentencing. He also asserts that the circuit court erred by sentencing him on his felony conspiracy conviction when evidence presented during his sentencing hearing indicated his crime was a misdemeanor. During the pendency of this appeal, the Court asked the parties to brief the issue of whether the Court had jurisdiction to consider issues unrelated to the petitioner's Rule 35(b) motion, and they have done so. For the reasons stated herein, we find the petitioner's assignment of error challenging his felony conspiracy conviction exceeds the scope of Rule 35(b) and is not properly before the Court. Following a careful review of the briefs, the arguments of counsel, the record submitted, and the applicable law, we further find no reversible error regarding the circuit court's refusal to award either concurrent sentencing or probation, and we affirm the circuit court's denial of the petitioner's Rule 35(b) motion.

1

## I. Facts and Procedural Background

On September 17, 2014, a Mingo County Grand Jury returned a four-count indictment against the petitioner charging, as follows: Count I - injuring and defacing a truck owned by Randy Gilman causing a loss in the value of the property in the approximate amount of $2,551.09[1] in violation of West Virginia Code § 61-3-30(b) (2014); Count II - conspiracy to commit Count I in violation of West Virginia Code § 61-10-31 (2014) and §61-3-30(b); Count III - entering without breaking a storehouse owned by Ernestine Richardson with intent to commit larceny in violation of West Virginia Code § 61-3-12 (2014); and Count IV - grand larceny by taking and carrying away an all terrain vehicle owned by Ernestine Richardson in violation of West Virginia Code § 61-3-13(a) (2014). The petitioner entered into a plea agreement with the State whereby he would plead guilty to Count II, as charged, and to the lesser included offense of Attempt to commit the grand larceny charged in Count IV. In return for his guilty pleas, the State agreed to dismiss Counts I and III and to recommend concurrent sentencing.

In his Petition to Enter Guilty Plea filed below, the petitioner stated that he had consulted with his attorney prior to accepting the proposed plea agreement and that his attorney had explained the charges against him. Although the State agreed to recommend

---

[1]This amount was based on a repair estimate the State obtained, pre-indictment, from a local business.

concurrent sentencing, the petitioner expressly acknowledged in the Petition to Enter Guilty Plea that sentencing was within the circuit court's sole discretion:

> I know and understand that this Court will not be bound by any agreement or recommendation by the Prosecuting Attorney which pertains to the sentence I will receive if I plead guilty in this case, that the matter of sentencing is strictly for the Court to decide, and that the Court will not be obligated or required to give any effect whatever to such recommendations.

> I understand that I cannot withdraw this plea if I am not satisfied with the sentence that is imposed or the disposition that is made. I understand that I cannot withdraw this plea if the Court does not follow the recommendation of the Prosecuting Attorney on the sentence, the disposition or on probation. I understand that if probation is denied I cannot withdraw this plea.

On November 17, 2014, the circuit court held a plea hearing during which the petitioner acknowledged that he had read, understood, and signed the Plea Agreement, the Petition to Enter Guilty Plea, the Defendant's Statement in Support of Guilty Plea, and the Plea Form. The petitioner also confirmed that he understood the rights he was waiving by pleading guilty. With regard to the circuit court's discretion in sentencing, the following exchange transpired between the circuit court and the petitioner:

> Q: Do you understand that if the Court doesn't want to the Court does not have to accept the State's recommended sentence, and, if that happens, you don't have the right to withdraw your plea? Do you understand?

> A: Yes, ma'am.

3

Thereafter, the petitioner pled guilty to Conspiracy to commit the destruction of property charged in Count II and to Attempt, a lesser included offense of the grand larceny charged in Count IV of the indictment. At the close of the plea hearing, the circuit court accepted the plea agreement and expressly "reserve[d] the right not to follow the State's recommended sentence." On December 5, 2014, the circuit court entered its Plea Order in which it adjudged the petitioner convicted of the "Conspiracy [Destruction of Property] and Attempt [Grand Larceny]."

A sentencing hearing was held before the circuit court on January 22, 2015. During this hearing, the State advised the circuit court that the petitioner had violated his home confinement, had failed to attend his appointments with his probation officer, and had failed to report to the Day Report Center. The State further advised that because the petitioner had also failed to meet with the probation office for a Level of Service/Case Management Inventory ("LS/CMI") evaluation,[2] the probation office was unable to prepare a pre-sentence investigation report.[3] The petitioner's counsel proffered that the petitioner's

_____

[2]*See State v. Wilson*, 237 W.Va. 288, __, 787 S.E.2d 559, 563 n.8 (2016)("The LS/CMI is an assessment system that measures [an] offender's risk and need factors for purposes such as sentencing.").

[3]The parties state in their briefs that no pre-sentence report was prepared. There is no pre-sentence report in the appendix record nor is one referenced in the circuit court's docket sheet for this matter. Further, the circuit court stated during the sentencing hearing that there was no pre-sentence report. Accordingly, we assume that the circuit court's statement in the sentencing order entered on January 29, 2015, that it considered, *inter alia*, the pre-sentence (continued...)

4

failures were due to his lack of transportation.[4]  In addressing the matter of restitution, the State informed the court that based on the information available to it, the amount of restitution for Conspiracy to commit the destruction of property was $2,580.  The State then presented the testimony of the victim, Mr. Gilman, who stated he was able to have his truck repaired by an individual at a cost of $478.

On January 29, 2015, the circuit court entered an order sentencing the petitioner, as follows: one to five years incarceration for Conspiracy to commit the destruction of property and one to three years incarceration for Attempt to commit grand larceny.  Notwithstanding the State's recommendation of concurrent sentencing, the circuit court ordered the terms of incarceration to be served consecutively.  The circuit court also ordered restitution in the amount of $478 to be paid to Mr. Gilman for the repairs to his truck. The circuit court's sentencing order further provided that the petitioner's counsel had ten days to file written objections to the sentencing order and, if no objections were filed, the sentencing order would continue with "full force and effect."  The petitioner did not file any written objections and, on February 3, 2015, the circuit court entered a commitment order.

---

[3](...continued)
investigation report, is a typographical error.

[4]The petitioner acknowledged in his appellate brief that he also failed to return any of the telephone calls made to him by the probation office.

5

The petitioner did not file a direct appeal of his convictions or sentencing. Instead, on April 20, 2015, he filed a motion in the circuit court under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[5] The petitioner asserted in his motion that although he believed throughout plea negotiations that the damage to Mr. Gilman's truck was less than $2,500,[6] he agreed to plead guilty to felony conspiracy because he believed the sentence for that crime would run currently with the sentence for his conviction for attempt to commit grand larceny.[7] The petitioner asked the circuit court to reduce his consecutive sentencing to concurrent sentencing or, "in the alternative, . . . to reconsider his sentence and grant him probation for the remainder of his sentence[.]"

On May 12, 2015, the circuit court held a hearing on the petitioner's Rule 35(b) motion. During this hearing, the petitioner reiterated his request for either concurrent sentencing or a grant of probation on his remaining sentence. The circuit court stated that "there's nothing for me to base any kind of rational sentence on if he doesn't show up and

[5]Although the petitioner titled his motion as seeking a reconsideration of his sentence, the West Virginia Rules of Criminal Procedure do not provide for such motions. Because the petitioner was seeking a reduction in his sentencing, the circuit court addressed his motion under Rule 35(b).

[6]Under West Virginia Code § 61-3-30(a) and (b), if the destruction or injury to property causes a loss in the amount of $2,500 or more, it is a felony; if the loss is less than $2,500, it is a misdemeanor.

[7]We note that the dismissal of two of the four counts in the indictment likely factored into the petitioner's decision to enter into the plea agreement, as well.

6

participate in that [his pre-sentence conference or consultation], so he puts me in a bad position to where I have no choice but to run consecutive rather than concurrently." On June 18, 2015, the circuit court entered an order denying the Rule 35(b) motion. This appeal followed.

## II. Standard of Review

The petitioner challenges the circuit court's denial of his motion filed under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Our standard for reviewing such orders is well-settled:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). With this standard in mind, we proceed to consider the parties' arguments.

## III. Discussion

### A. Rule 35(b) of the West Virginia Rules of Criminal Procedure

Although the petitioner appeals the denial of his Rule 35(b) motion, he asserts arguments related to the validity of his conviction. Consequently, we must first determine

7

whether this Court has jurisdiction to address alleged errors unrelated to the circuit court's

Rule 35(b) ruling. Through our administrative order entered on June 2, 2016, this Court

directed the parties to file supplemental briefs on this issue. The petitioner's supplemental

brief basically reiterates the arguments set forth in his original appellate brief, adding that this

Court has jurisdiction because the circuit court abused its discretion by committing legal

error. In the State's supplemental brief, it asserts, *inter alia*, that the scope of appellate

review is restricted to the propriety of the circuit court's denial of the Rule 35(b) motion; that

judicial economy is served by requiring defendants to assign pretrial and trial errors in a

direct criminal appeal; and that Rule 35(b) is limited to essentially seeking leniency from an

otherwise valid sentence. Our analysis of this issue necessarily involves consideration of the

scope of Rule 35(b).

Rule 35(b) expressly provides that it is limited to a reduction in sentencing:

> (b) *Reduction of Sentence*. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

8

W.Va. R. Crim. P. 35(b).[8]   As Justice Cleckley explained in his concurrence in *Head*,

> [a]t the time a Rule 35(b) motion is filed, a final sentence order has been entered. Independently of Rule 35(b), the sentencing order itself is subject to appellate review, both as to its constitutionality and its compliance with the West Virginia Rules of Criminal Procedure and the applicable statutory provisions.

*Head*, 198 W.Va. at 305, 480 S.E.2d at 514 (Cleckley, J., concurring).  Indeed, a motion to reduce a sentence under Rule 35(b) "is essentially a plea for leniency from a presumptively valid conviction."  *Head*, 198 W.Va. 298, 306, 480 S.E.2d 507, 515 (Cleckley, J., concurring).  In short, it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences[9] should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter.[10]  *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W.Va. 221, 151 S.E.2d 110 (1966)

---

[8]Rule 35(a) of the West Virginia Rules of Criminal Procedure, which permits a court to correct an illegal sentence, is not at issue in this appeal.

[9]*See* n.8, *supra*.

[10]Of course, other avenues of relief, while restricted in scope, also remain available to defendants, such as petitions for writs of habeas corpus, mandamus, and prohibition. *See*, *e.g.*, W.Va. Code § 53-4A-1(a) ("Any person convicted of a crime and incarcerated under sentence of imprisonment . . . may . . . file a petition for a writ of habeas corpus . . . seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief . . . ."); *Holcomb v. Sadler*, 222 W.Va. 32, 658 S.E.2d 562 (2008) (denying writ of prohibition to defendant who sought to prohibit circuit
(continued...)

("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

The intent and purpose of the Rule being clear, we now hold that Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing. Having dispensed with this preliminary matter, we will consider the merits of the petitioner's appeal of the denial of his Rule 35(b) motion.

## B.  The Denial of the Petitioner's Rule 35(b) Motion

The petitioner asserts that the circuit court erred in denying his Rule 35(b) motion in which he sought concurrent sentencing or probation.  He criticizes the circuit court's comment made during the Rule 35(b) hearing that "there's nothing for me to base any kind of rational sentence on if he doesn't show up and participate in that [his pre-sentence conference or consultation], so he puts me in a bad position to where I have no choice but to run consecutive rather than concurrently."[11]  He argues that it was improper for the circuit

---

[10](...continued)
court from enforcing order approving DNA testing of his deceased child's fingernail scrapings); *State ex rel. Blaney v. Reed*, 215 W.Va. 220, 599 S.E.2d 643 (2004) (denying writ of mandamus to defendant who sought to compel trial judge to dismiss indictment charging him with sexual abuse).

[11]Although the petitioner states that the circuit court made this comment during his
(continued...)

court to deny his Rule 35(b) motion based on the lack of an LS/CMI assessment, particularly when a court does not have to rely upon such an assessment. In support of his argument, the petitioner cites the concurrence filed in *State v. Rogers*, which states that the LS/CMI assessment is merely a tool that may be used by circuit judges at their discretion during sentencing. *State v. Rogers*, No. 14-0373, 2015 WL 869323 (W.Va. Jan. 9, 2015) (memorandum decision) (Loughry, J., concurring). Rather than supporting the imposition of consecutive sentencing, the petitioner asserts that the circuit court's comment demonstrates that there was no rational basis for consecutive sentencing.[12]

The State responds that the circuit court did not abuse its discretion in denying the petitioner's Rule 35(b) motion. The State emphasizes that, generally, sentences are served consecutively. We agree. Indeed, the decision on whether sentences will be served concurrently is entirely within the circuit court's discretion:

> When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous

---

[11](...continued)
sentencing hearing, the appendix record reflects that the statement was made during the Rule 35(b) hearing.

[12]The petitioner also asserts that the circuit court should have *sua sponte* delayed his sentencing until a pre-sentence report could be prepared. He further avers that he accepted the plea agreement, in part, because of a verbal promise that his brother's charge as his co-conspirator would be reduced. Such challenges to his guilty plea and sentence are beyond the scope of Rule 35(b) and are not properly before the Court.

term or terms of confinement, unless, *in the discretion of the trial court*, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

W.Va. Code § 61-11-21 (2014) (emphasis added.).  As echoed in *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009),

> "'When a defendant has been convicted of two separate crimes, before sentence is pronounced for either, *the trial court may, in its discretion, provide that the sentences run concurrently*, and unless it does so provide, the sentences will run consecutively.' Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979)."  Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999).

*McBride*, 224 W.Va. at 471, 686 S.E.2d at 612, syl. pt. 7 (Emphasis added).

Here, the petitioner's Rule 35(b) motion was filed fifty days after he was sentenced.

> When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

*Head*, 198 W.Va. at 299, 480 S.E.2d at 508, syl. pt. 5.  While the circuit court may have been referring to the lack of an LS/CMI assessment when it commented during the Rule 35(b) hearing that there was nothing upon which to base a reduction in the petitioner's valid sentences, the court's comment was nonetheless accurate.  It is clear from the record that the

12

petitioner failed to cite any event that had occurred post-sentencing that would warrant a reduction in his consecutive sentencing or an award of probation. Although the petitioner argued below that he had expected to receive concurrent sentencing, as the State had recommended, the circuit court clearly found his expectation insufficient to grant a reduction in the sentences previously imposed. This is particularly true where the record indisputably demonstrates that the petitioner understood that the circuit court was not bound by the State's recommendation and that sentencing was entirely within the court's discretion. Based on the record before us, we find no abuse of discretion in the circuit court's denial of the petitioner's Rule 35(b) motion. *See Head*, 198 W.Va. at 301, 480 S.E.2d at 510 ("The abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing.").

Turning to the petitioner's second assignment of error, he asserts that he should not have been sentenced on his felony conspiracy conviction, and that the circuit court should have *sua sponte* set aside his guilty plea, given victim Gilman's testimony at the sentencing hearing. While the petitioner noted in his Rule 35(b) motion that the amount of the restitution awarded to Mr. Gilman made his conspiracy a misdemeanor, he did not seek to reduce his sentence to the misdemeanor range, nor could he have done so. The petitioner stood before the circuit court on his Rule 35(b) motion having been convicted of, and sentenced on, felony conspiracy. Accordingly, he sought the only relief possible under Rule 35(b): a reduction of

13

his sentence to concurrent sentencing or an award of probation. Critically, this assignment of error is a clear challenge to the petitioner's felony conspiracy conviction, which is not cognizable under Rule 35(b). Consequently, this assignment of error is not properly before the Court.[13]

## IV. Conclusion

For the reasons stated above, the June 18, 2015, order of the Circuit Court of Mingo County is hereby affirmed.

Affirmed.

---

[13]To the extent *State v. Proctor*, 227 W.Va. 352, 709 S.E.2d 549 (2011) (*per curiam*), and any other prior decision of this Court conflicts with our ruling herein, we disapprove of the same.