# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0278** (Randolph County 15-F-20)

**Londa Mae Hogue,**
**Defendant Below, Petitioner**

**FILED**

**January 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Londa Mae Hogue, by counsel Christopher W. Cooper, appeals the Circuit Court of Randolph County's February 8, 2015, order denying her motion for a reduction of sentence. The State, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred at sentencing in considering other crimes charged but not pled to, her failure to take responsibility for her crimes and lack of remorse, and in utilizing a pre-sentence investigation report containing the words "Official Version [of the facts]."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 23, 2015, petitioner was indicted on six felony counts each of possession with intent to deliver and delivery of a controlled substance and four misdemeanor counts involving traffic violations. Petitioner and respondent entered into a plea agreement whereby petitioner agreed to plead guilty to one count of possession with intent to deliver marijuana, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).[1] Respondent agreed to dismiss the remaining charges with prejudice, and it further agreed to not seek sentencing enhancement and to stand silent with regard to sentencing. The circuit court accepted petitioner's plea and, on September 30, 2015, adjudicated her guilty and convicted her of one count of possession with intent to deliver marijuana.

---

[1]Syllabus Point 1 of *Kennedy* permits an accused to "voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

1

On November 13, 2015, petitioner was sentenced to not less than one nor more than five years in the state penitentiary. Petitioner did not appeal her conviction or sentencing. Rather, petitioner moved for a reduction of sentence pursuant to West Virginia Rule of Criminal Procedure 35(b). By order dated February 8, 2016, petitioner's motion was denied. This appeal followed.

Although petitioner appeals the denial of her motion for a reduction of sentence, her assignments of error concern alleged errors made during sentencing. We recently held that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, -- W.Va. --, 792 S.E.2d 37 (2016).

> In short, it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter.

*Marcum*, 792 S.E.2d at 42. Because petitioner's assignments of error challenging her sentence exceed the scope of a Rule 35(b) motion, they are not properly before the Court.

For the foregoing reasons, the circuit court's February 8, 2016, order denying motion for reduction of sentence is hereby affirmed.

Affirmed.

**ISSUED**: January 9, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

2