# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0067** (Kanawha County 12-F-337)

**Patricia Ann Fields,**
**Defendant Below, Petitioner**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Patricia Ann Fields, by counsel Clinton W. Smith, appeals the Circuit Court of Kanawha County's October 26, 2015, order denying her motion for a reduction of sentence. The State of West Virginia, by counsel Zachary Aaron Viglianco, filed a response and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in sentencing her due to ineffective assistance of trial counsel and prosecutorial misconduct.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, petitioner was convicted of three counts of petit larceny in the Circuit Court of Kanawha County in case number 11-F-67. She received probation and was ordered to make restitution payments to the victim's estate. In May of 2012, in case number 12-F-337, a Kanawha County grand jury indicted petitioner on thirty-six counts of unauthorized use of an access device, in violation of West Virginia Code § 61-3C-13. Petitioner was subsequently charged with petit larceny, in violation of West Virginia Code § 61-3-13(b).

Thereafter, in March of 2014, petitioner pled guilty to one count of petit larceny. As part of the agreement, petitioner agreed to pay monetary restitution to the victim and respondent agreed to dismiss the remaining thirty-six counts of unauthorized use of an access device in the indictment. Also in March of 2014, because petitioner failed to make regular restitution payments, respondent filed a motion to revoke petitioner's probation predicated on her earlier criminal convictions in case number 11-F-67.

In June of 2014, the circuit court held sentencing hearings for both the probation revocation in case number 11-F-67 and the plea-bargained offenses in case number 12-F-337. Petitioner was sentenced to one-year sentences for each of the three counts of petit larceny in case number 11-F-67, a one-year sentence for the petit larceny in case number 12-F-337, and

ordered to pay restitution in the amount of $19,041. The circuit court ordered that the sentences run consecutively. Petitioner did not appeal this sentencing order.

In August of 2015, after the period for appeal as set forth in Rule 5(b) of the West Virginia Rules of Appellate Procedure expired, petitioner filed a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied petitioner's motion by order entered on October 26, 2015. It is from this order that petitioner appeals.

Petitioner challenges the circuit court's denial of her motion filed under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Our standard for reviewing such orders is well-settled:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Upon our review, we find no error in the circuit court's rulings below.

Rule 35(b) of the West Virginia Rules of Criminal Procedure expressly provides that it is limited to a reduction in sentencing.

> A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Indeed, a motion to reduce a sentence under Rule 35(b) "is essentially a plea for leniency from a presumptively valid conviction." *State v. Head*, 198 W.Va. 298, 306, 480 S.E.2d 507, 515 (1996).

The intent and purpose of Rule 35(b) being clear, we begin by addressing petitioner's arguments on appeal. Although petitioner appeals the denial of her Rule 35(b) motion, her arguments relate to the validity of her conviction. In her appeal, petitioner challenges the validity of her conviction based on her contentions that her trial counsel was ineffective and that there was prosecutorial misconduct. We have held that "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2,

*State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). Critically, petitioner's assignments of error are clear challenges to her petit larceny conviction, which are not cognizable under Rule 35(b). As such, we find that these errors are not properly before the Court.

For the foregoing reasons, the circuit court's October 26, 2015, order denying petitioner's motion for a reduction of sentence is hereby affirmed.

Affirmed.

**ISSUED**:  March 13, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker