## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0501** (Wood County 16-F-59)

**John Patrick Maudlin,**
**Defendant Below, Petitioner**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Patrick Maudlin, by counsel Michele Rusen, appeals the Circuit Court of Wood County's April 29, 2016, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for reduction of sentence because he should have been entitled to alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, petitioner pled guilty to one count of false pretense pursuant to a plea agreement with the State. At the time, petitioner was undergoing chemotherapy treatment for cancer. At the plea hearing, petitioner requested that the home incarceration condition of his bond be removed so that he could obtain medical treatment in the State of Ohio. The circuit court granted this request and set the matter for sentencing.

In April of 2016, the circuit court held a sentencing hearing. Pursuant to the plea agreement, the State made a non-binding recommendation that the circuit court grant petitioner either probation or home incarceration. During the hearing, the circuit court found that petitioner's presentence investigation report included an extensive criminal history dating back to approximately 2000. Petitioner's many convictions included crimes such as the unauthorized practice of medicine, petit larceny, false pretense, being a fugitive from justice, federal mail fraud, possession of a controlled substance, obstruction of justice, and domestic battery. The circuit court also found that the presentence investigation report listed petitioner as being in the medium range for both a pro-criminal attitude and an anti-social pattern, as evidenced by his "support[] of crime" and "his pattern of generalized trouble." Petitioner then argued for alternative sentencing because of his lack of a violent criminal history and his recent enrollment in college. The circuit court, however, denied petitioner's request and imposed a term of

1

incarceration of one to ten years. The circuit court entered the sentencing order on April 11, 2016. Thereafter, the circuit court entered two orders temporarily staying petitioner's sentence due to his admission to the hospital.

On April 20, 2016, petitioner filed a motion for reconsideration of his sentence in which he again argued for imposition of alternative sentencing.[1] The circuit court denied this motion by order entered on April 29, 2016. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). Upon our review, we find no error in the proceedings below.

Petitioner's entire argument in support of his appeal is that the circuit court erred in denying his Rule 35(b) motion because he should have been entitled to alternative sentencing. According to petitioner, his lack of a violent criminal history, recent enrollment in college, and medical condition all entitled him to alternative sentencing and, accordingly, the circuit court erred in denying his motion. We do not agree. "'When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120–day filing period . . . .' Syl. Pt. 5, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996)." *Marcum*, 238 W.Va. at --, 792 S.E.2d at 38, Syl. Pt. 3. In his motion for reduction of sentence, petitioner relied upon the same arguments that he presented at the underlying sentencing hearing. As such, petitioner provided the circuit court with no new factual basis upon which to grant a reduction in petitioner's sentence. Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's Rule 35(b) motion.

Finally, to the extent that petitioner argues that his underlying sentence was improper, we note that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.* at --, 792 S.E.2d at 38, Syl. Pt. 2. Simply put, petitioner is appealing the circuit court's denial of his Rule 35(b) motion, which precludes our review of the underlying sentence. Accordingly, we decline to address petitioner's arguments regarding the appropriateness of his underlying sentence.

---

[1]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion for reconsideration" in criminal proceedings, other than Rule 35 which allows a circuit court to revisit its sentencing order for purposes of either correcting or reducing the sentence imposed.

For the foregoing reasons, the circuit court's April 29, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker