# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0988** (Mingo County S14-F-136)

**Ashley M.,**
**Defendant Below, Petitioner**

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ashley M., by counsel Robert H. Carlton, appeals the October 5, 2017, order of the Circuit Court of Mingo County denying her Rule 35(b) motion requesting a reduction of her sentence in the form of probation.[1] Respondent the State of West Virginia ("the State"), by counsel Gordon L. Mowen II, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was charged by information with child neglect causing serious bodily injury, a felony, pursuant to West Virginia Code § 61-8D-4(b). The parties reached a plea agreement, under which petitioner would plead guilty to the crime as charged in the information and would be sentenced to an indeterminate term of not less than one nor more than ten years and/or a fine of not less than $1,000 nor more than $5,000. The agreement provided that if petitioner requested alternative sentencing pursuant to the West Virginia Youthful Offender Act, the State would recommend that the sentence be suspended and that petitioner be granted alternative sentencing of confinement at the Anthony Correctional Center for not less than six months nor more than two years.

---

[1] In keeping with our traditional treatment of cases involving sensitive facts, parties will be identified by using the first initial of last names rather than full surnames. *See e.g., In re Abbigail Faye B.,* 222 W.Va. 466, 470 n. 1, 665 S.E.2d 300, 304 n. 1 (2008); *West Virginia Dept. of Human Services v. La Rea Ann C.L.,* 175 W.Va. 330, 332 S.E.2d 632 (1985).

*In re Cecil T.*, 228 W. Va. 89, 91 n. 1, 717 S.E.2d 873, 875 n. 1 (2011).

On November 18, 2014, the circuit court conducted a plea hearing, during which petitioner pled guilty to child neglect resulting in serious bodily injury. In its December 5, 2014, plea and sentencing order, the circuit court ordered that petitioner be incarcerated for a term of one year and that she receive credit for sixty-one days served. However, it granted petitioner's request for alternative sentencing and ordered that the sentence of incarceration be suspended pursuant to the West Virginia Youthful Offender Act. The circuit court ordered that petitioner be transported to the Anthony Correctional Center for an indefinite term of not less than six months nor more than two years. Once she was discharged from the Anthony Center, petitioner was to be transported to the Southwestern Regional Jail to await further order of the court. The circuit court then adjudged petitioner to be an abusive parent within the meaning of West Virginia Code § 49-6-1 as to the child victim and any child that resides in the same household as the victim.[2] Therefore, she was ordered to register as an abusive parent. She was further ordered to serve ten years of supervised release upon the expiration of her sentence.[3]

Petitioner was ejected from the Anthony Center for various institutional safety violations. She admitted to twelve such violations. The circuit court conducted a sentencing hearing and entered a resentencing order on or about September 30, 2015. The circuit court ordered that petitioner be remanded to the Southwestern Regional Jail to serve her sentence of one year. The circuit court entered a corrective resentencing order on October 15, 2015, providing that West Virginia Code § 61-8D-4(b) carried with it a sentence of not less than one nor more than ten years. On November 20, 2015, petitioner filed a motion, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, requesting a reduction of her sentence in the form of probation. The circuit court denied that motion by order entered on October 5, 2017. In that order, the circuit court reiterated that petitioner's original sentence, as set forth in the plea agreement, was an indeterminate term of not less than one nor more than ten years and that the resentencing order "incorrectly" set forth petitioner's sentence as one year. Petitioner appeals from that order.

On appeal, petitioner sets forth five assignments of error.[4] However, the entirety of her argument focuses on not receiving credit for her time served at the Anthony Correctional Center

---

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

[3] That order was entered without petitioner's counsel's signature.

[4] Petitioner frames her assignments of error as follows: (1) Whether petitioner should be immediately released from jail since the initial sentencing order, signed by the circuit judge, indicated alternate youthful offender sentencing and a one-year sentence in the regional jail; (2) Whether petitioner's time served under alternative sentencing under the youthful offender statute (continued . . .)

2

and she fails to set forth any argument related to some of those assignments of error. She admits that she was ejected from that facility for policy violations and a suicide threat but asserts that she should have received credit for the approximately 195 days she was at the Anthony Correctional Center. She argues that because she was originally sentenced to one year in the regional jail but had served more than one year, including both the time spent incarcerated prior to her scheduled trial and her time spent in the Anthony Correctional Center, she should be released from jail.

Rule 35(b) of the West Virginia Rules of Criminal Procedure provides as follows:

**Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

In addressing that rule, this Court found that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

Significantly, petitioner's Rule 35(b) motion filed before the circuit court was based upon her request for a reduction of her sentence in the form of probation. It did not address the sentencing issue raised by petitioner on appeal. In addition, the corrective resentencing order, setting forth a sentence of not less than one year nor more than ten years, reflects the correct sentence set by statute and set forth in the plea agreement. On appeal, petitioner does not challenge the denial of her request to be placed on probation, instead setting forth assignments of error that were not raised before the circuit court. Ordinarily, this Court follows the general principle that it "will not pass on a nonjurisdictional question which has not been decided by the

must be given as credit for time spent in the youthful offender sentencing programs against her minimum term of confinement as set by the sentencing court even though she had been ejected from the youthful offender program; (3) Whether the sentence of one year in the regional jail is enforceable by petitioner since the time for the changing of a sentence to the detriment of petitioner, in the sentencing order, has passed and the time for appeal by the State has passed; (4) Whether the judge sentenced petitioner to one year in the regional jail in open court; and (5) Whether the subsequent written order setting the penalty and the sentence for petitioner is deemed to be controlling over verbal decisions and rulings at the sentencing hearing after a year because the court ultimately speaks through its orders.

trial court in the first instance." Syl. Pt. 7, in part, *State v. Garrett*, 195 W. Va. 630, 466 S.E.2d 481 (1995).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Evan H. Jenkins

Justice Tim Armstead, deeming himself disqualified, did not participate in this case.

Justice Allen H. Loughry II suspended and therefore not participating.