# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0523** (Putnam County 16-F-46)

**Travis O'Dell,**
**Defendant Below, Petitioner**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Travis O'Dell, by counsel Carl Hostler, appeals the Circuit Court of Putnam County's May 9, 2018, order denying his motion for a reduction of his sentence. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner asserts that the circuit court erred in denying his motion for a reduction of his sentence when his sentence was clearly disproportionate to the crime committed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, petitioner was indicted on one count of computer fraud and one count of fraudulent use of an access device following his purchase of an $80 carton of cigarettes using a stolen debit card. Petitioner entered into a plea agreement in May of 2017 whereby he agreed to plead guilty to the computer fraud charge in exchange for the State's agreement to dismiss the other count, refrain from filing a recidivist information, and make no recommendation at sentencing. The plea agreement expressly provided that sentencing would be left to the sole discretion of the circuit court and that petitioner would have no right to withdraw his plea in the event that he was displeased with his sentence.

However, in June of 2017, the circuit court entered an "Agreed Order for Treatment" whereby petitioner's bond was reduced to allow him to seek treatment for his drug addiction. Pursuant to the order, petitioner was to be transferred from his place of incarceration to Prestera Center's treatment facility in Huntington, West Virginia. The order further established that, upon petitioner's successful completion of the drug treatment program, he would be admitted to a long-term treatment program. Sometime thereafter, petitioner was transferred to the Prestera facility but

1

he absconded the same day, resulting in a warrant for his arrest. After a few months, petitioner turned himself in to law enforcement officers and was returned to the court for sentencing.

In December of 2017, the circuit court sentenced petitioner to a determinate term of ten years of incarceration with 223 days of credit for time served. Petitioner did not file a direct appeal with this Court, but moved the circuit court to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure in February of 2018. After holding a hearing on the matter, the circuit court denied petitioner's motion, noting that petitioner was informed at sentencing that he was subject to the maximum sentence. The circuit court further noted that it found no reason to reduce the sentence. It is from the May 9, 2018, order denying petitioner's motion for a reduction of sentence that he appeals.

We have previously established that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner argues that the circuit court erred in denying his motion to reduce his sentence because it is excessive. He claims that a ten-year sentence is disproportionate to the crime when, had he merely shoplifted the $80 carton of cigarettes rather than using a stolen debit card to obtain them, he would have been charged with "misdemeanor petit larceny punishable by up to one year of confinement." According to petitioner, his crime was "petty" in nature and a ten-year sentence was not warranted given the circumstances. Further, he argues that "[i]mposing a maximum sentence via a knowing and voluntary plea agreement will chill the willingness of defendants to enter into plea agreements." We find petitioner's arguments to be without merit.

We have previously held that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.* at 27, 792 S.E.2d at 38, syl. pt. 2. Indeed, a motion to reduce a sentence under Rule 35(b) "is essentially a plea for leniency from a presumptively valid conviction." *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring). Moreover, in considering a defendant's Rule 35(b) motion, "circuit courts generally should consider *only those events that occur within the 120–day filing period*." *Marcum*, 238 W. Va. at 27, 792 S.E.2d at 38, syl. pt. 3, in part (emphasis added).

Petitioner offered essentially no information relevant to any events that occurred after sentencing to support his plea for leniency. As noted above, circuit courts should generally consider only those events that occurred following sentencing but prior to the filing of a Rule 35(b) motion. Here, petitioner did not argue, nor cite to any portion of the record, showing any change

in circumstances or remedial efforts made by him following his sentencing. Rather, petitioner essentially asks this Court to find that the circuit court abused its discretion in imposing the maximum sentence. While petitioner argues that the circuit court should have afforded him leniency, petitioner was given the opportunity to forgo incarceration and participate in a court-approved drug treatment program. However, petitioner chose to abscond on the same day he was released to the program and remained out of custody for a "few" months before he eventually turned himself in to law enforcement officers. As such, it cannot be said that petitioner was never afforded leniency in this matter. In sum, petitioner's arguments are outside the scope of this appeal given that he provided no information regarding events which occurred in the 120-day filing period. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for a reduction of sentence.

For the foregoing reasons, we affirm the circuit court's May 9, 2018, order denying petitioner's Rule 35(b) motion.

Affirmed.

**ISSUED:** September 13, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison