# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0810** (Barbour County 18-F-42)

**William B. Padgett,**
**Defendant Below, Petitioner**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William B. Padgett, self-represented litigant, appeals the Circuit Court of Barbour County's July 12, 2019, order denying his motion for a reduction of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Lara K. Bissett, filed a response. On appeal, petitioner argues that the circuit court erred in denying his Rule 35(b) motion for a reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted in Barbour County criminal action number 18-F-42 on four counts of Failure to Register or Provide Notice of Change in Sex Offender Registry Information—Second or Subsequent Offense in May of 2018. In October of 2018, petitioner and the State entered into a plea agreement, under which petitioner pled guilty to one count of Failure to Register or Provide Notice of Change in Sex Offender Registry Information—Second or Subsequent Offense in exchange for the dismissal of the remaining counts. The court sentenced petitioner in February of 2019 to an indeterminate term of ten to twenty-five years of incarceration, and it further ordered this sentence to run concurrently with a one- to five-year sentence imposed following his conviction in a separate criminal matter, number 15-F-55, for Failure to Register or Provide Notice of Change in Sex Offender Registry Information—First Offense.

1

In March of 2019, petitioner, without counsel, filed a motion for a reduction of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner then refiled the same motion in May of 2019. In his motion, petitioner requested that his sentence in 18-F-42 be modified such that he could be released on parole. Petitioner argued that the parole board had granted him parole in November of 2018 under case number 15-F-55 contingent upon his securing an approved home plan. Petitioner claimed that his sentence in 18-F-42 was keeping him from being released and stated that he would be willing to go to alcohol counseling and "complete any other task assigned" to him if the circuit court were to allow him to be released on parole. Lastly, petitioner noted that he failed to register as a sex offender but did not commit a new sexual offense.

By order entered on July 12, 2019, the circuit court denied petitioner's Rule 35(b) motion. The circuit court found that petitioner failed to raise any pertinent issues which were not considered by the circuit court at the time of sentencing. The circuit court further found that there had been no change in circumstances warranting a reduction or reconsideration of the sentence imposed and that petitioner was not a fit candidate for reconsideration of his sentence. Petitioner appeals the July 12, 2019, order denying his Rule 35(b) motion.

This Court has established the following standard of review for a circuit court's ruling on Rule 35(b) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that the circuit court abused its discretion in denying his Rule 35(b) motion. Specifically, petitioner argues that his crime was not one of moral turpitude and the "situation called for the granting of the motion."[1] Petitioner states that he had been granted parole,

---

[1]Petitioner relies upon this Court's holding in *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004), to support his argument that his Rule 35(b) motion should have been granted because his crime was not one of moral turpitude. However, our holding in *Arbaugh* is easily distinguishable as the petitioner in that case was a juvenile offender with an extensive history of having been abused. We held that the circuit court abused its discretion in denying the then-fifteen-year old's Rule 35(b) motion wherein he requested to attend a renowned sexual offender treatment program. Petitioner provides absolutely no evidence indicating that his case is in any way similar to that of *Arbaugh*. Further, we subsequently noted that

> [t]his Court's decision in *Arbaugh* did not create any new standards, guidelines, or requirements to be followed by the circuit courts of this State as contended by the

(continued . . .)

2

had obtained a place to live upon his release, was willing to go to counseling, and had several jobs lined up. Petitioner also claims that the circuit court could have held his motion in abeyance until the circuit court was "satisfied that his release would be acceptable." We find petitioner's arguments to be without merit.

Here, petitioner's argument centers on the asserted facts that he did not commit another sexual offense, that he had already been granted parole, and that he was willing to participate in counseling and other services as directed. At the outset, however, we note that petitioner mistakenly argues that he was granted parole under case number 15-F-55. In actuality, the parole board merely deferred its decision to allow petitioner time to obtain an approved home plan. While petitioner states that he has a place to live should he be released on parole, he provides no evidence establishing that this living arrangement has been approved. Moreover, the circuit court found that petitioner failed to raise any issues that were not considered at the time of sentencing. Indeed, petitioner offered essentially no information relevant to any events that occurred after sentencing to support his plea for leniency. We have previously held that, in considering a defendant's Rule 35(b) motion, "circuit courts generally should consider *only those events that occur within the 120–day filing period*." Syl. Pt. 3, in part, *State v. Marcum*, 238 W. Va. 26, 27, 792 S.E.2d 37, 38, (2018) (emphasis added); *see also id.* at 32, 792 S.E.2d at 43 ("It is clear from the record that the petitioner failed to cite any event that had occurred post-sentencing that would warrant a reduction in his consecutive sentencing or an award of probation."). Petitioner did not argue nor cite to any portion of the record showing any change in circumstances or remedial efforts made by him following his sentencing in February of 2019. Rather, petitioner essentially asks this Court to find that the circuit court abused its discretion in imposing the sentence set forth by statute.[2] Lastly, petitioner provides no authority to support his argument that the circuit court should have held his motion in abeyance. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for a reduction of sentence.

appellant in his brief before this Court. *Arbaugh* was a per curiam decision decided by this Court upon application of existing precedent and was confined to the very specific facts of that case.

*State v. Georgius*, 225 W. Va. 716, 721, 696 S.E.2d 18, 23 (2010). Accordingly, under the circumstances of this case, we find that any reliance upon *Arbaugh* is misplaced.

[2]West Virginia Code § 15-12-8(c) provides that

Any person required to register for life pursuant to this article who knowingly provides materially false information or who refuses to provide accurate information when so required by the terms of this article, or who knowingly fails to register or knowingly fails to provide a change in any required information as required by this article, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than five years. *Any person convicted of a second or subsequent offense under this subsection is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than ten nor more than twenty-five years.*

(Emphasis added).

3

For the foregoing reasons, the circuit court's July 12, 2019, order denying petitioner relief under Rule 35(b) is hereby affirmed.

Affirmed.

**ISSUED**: November 4, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison