**FILED**
**August 31, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0717** (Calhoun County 20-F-15)

**Phillip N. Keener,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Phillip N. Keener, by counsel Betty C. Gregory, appeals the August 13, 2021, order of the Circuit Court of Calhoun County denying petitioner's motion to reduce the court's previously ordered sentence of four to six years of incarceration for his convictions of attempted second-degree murder and wanton endangerment involving a firearm. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because the issue on appeal is narrow, only a brief recitation of the facts is required for this Court's analysis. On January 4, 2020, petitioner was indicted on two counts of attempted murder, two counts of wanton endangerment involving a firearm, and two counts of child neglect creating risk of injury. As a condition of bond, petitioner was subject to home incarceration while the charges were pending. In February of 2021, petitioner entered a guilty plea to one count of attempted second-degree murder and one count of wanton endangerment with a firearm, pursuant to a plea agreement with the State. The State dismissed the remaining charges in the indictment.

In April of 2021, the circuit court held a sentencing hearing. Petitioner requested alternative sentencing, such as home incarceration or, in the alternative, that he be incarcerated and

1

granted credit for his time served on home incarceration as a condition of pre-trial bond. The court found that petitioner was not eligible for alternative sentencing for the following reasons: the severity of the crime required incarceration; petitioner expressed no remorse for his actions; petitioner took no responsibility for his actions; petitioner had shown that he was unable to control his anger; petitioner had a prior history of domestic violence; a firearm was used in commission of the crime; and, finally, petitioner attempted to conceal evidence related to the crime, specifically the firearm used in the commission of the crime. Ultimately, the circuit court sentenced petitioner to an indeterminate one-to-three-year term of incarceration for attempted second-degree murder and a determinate three-year term of incarceration for wanton endangerment involving a firearm, which were ordered to be served consecutively. Further, the court denied petitioner's motion to be credited time served for pre-trial home incarceration "for the reasons stated on the record."[1] The circuit court memorialized its decision by its sentencing order entered April 12, 2021. Petitioner did not appeal this order.

On July 9, 2021, petitioner filed a motion to reconsider sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[2] The circuit court held a hearing on petitioner's motion on August 12, 2021, during which it heard argument from both parties. The court found that the sentence imposed was appropriate "for the reasons set forth in the [s]entencing [o]rder" and denied the motion. Petitioner now appeals the circuit court's August 13, 2021, order denying his Rule 35(b) motion for a reduction of sentence.

On appeal, petitioner argues that the circuit court erred in denying his motion for reduction of sentence. Petitioner asserts that, under the facts of this case, the court abused its discretion in denying him alternative sentencing, such as home incarceration, considering his work history, remorse, acceptance of responsibility, and lack of criminal convictions. Notably, on appeal petitioner acknowledges that he was not entitled to credit toward his ultimate sentence for time spent on home incarceration as a condition of bail. *See* Syl. Pt. 4, *State v. Hughes*, 197 W. Va. 518, 475 S.E.2d 189 (1996).

This Court has held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

---

[1]Petitioner did not provide a transcript of the sentencing hearing in the appendix record.

[2]Petitioner did not include his motion to reconsider his sentence in the appendix record.

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). A motion for reduction of sentence under Rule 35(b) is "essentially a plea for leniency from a presumptively valid conviction." *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring).

Here, we find no abuse of discretion in the circuit court's denial of petitioner's motion to reduce sentence. Notably, petitioner does not cite to the record in support of his assertions that he had favorable factors that would lead a court to sentence him to alternative sentencing.[3] Rather, the appendix record provides only the circuit court's findings for imposing sentence in the manner it decided, which included petitioner's failure to accept responsibility for the crime, his attempts to conceal evidence of the crime, and the serious nature of the charges. Based on these findings, the circuit court determined that petitioner was not a suitable candidate for alternative sentencing, (home incarceration included) and petitioner has failed to show that these findings were clearly erroneous or that the ultimate determination was an abuse of discretion. Therefore, we find no error in the circuit court's denial of petitioner's Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]Petitioner's failure to cite to the appendix in support of his argument is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Critically, this Rule also provides that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id*. As we have mentioned, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted).