# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-1041** (Monongalia County 15-F-278 and 15-F-291)

**Adrian Lance Morris,**
**Defendant Below, Petitioner**

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Adrian Lance Morris appeals the Circuit Court of Monongalia County's October 6, 2016, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Shannon Frederick Kiser, filed a response and a supplemental appendix. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion for reduction of sentence because he was entitled to alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2015, petitioner was charged with multiple crimes across two separate criminal matters. The charges against petitioner included aggravated robbery, burglary, conspiracy, and grand larceny. In March of 2016, petitioner entered into a plea agreement to resolve the various outstanding criminal proceedings against him. According to the agreement, petitioner would plead guilty to one count of conspiracy and one count of grand larceny, while the State would agree to dismiss the remaining charges. An additional condition of the agreement was that "no alternative sentence such as home [incarceration] [or] probation will be requested by either the State or [petitioner]."

Following petitioner's plea, the circuit court sentenced him to a term of incarceration of one to ten years for his conviction of grand larceny and a term of incarceration of one to five years for his conviction of conspiracy. The circuit court further ordered the sentences to run concurrently. Following entry of the circuit court's sentencing order, petitioner filed a "Motion For Reconsideration of Sentence" under Rule 35(b) of the West Virginia Rules of Criminal

1

Procedure.[1] The circuit court denied this motion by order entered on October 6, 2016. It is from this order that petitioner appeals.

We have previously established the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). Upon our review, we find no error in the proceedings below.

In filing his motion for reduction of sentence, petitioner requested that the circuit court release him from incarceration so that he could be placed on probation. However, petitioner's argument below, as before this Court, ignores the fact that the explicit terms of his plea agreement barred either party from requesting an alternative sentence, such as probation. In short, petitioner sought to use a Rule 35(b) motion as a mechanism to circumvent the explicit terms of his plea agreement.

We have held that

> "[w]hen a defendant enters into a valid plea agreement with the State that is accepted by the trial court, an enforceable 'right' inures to both the State and the defendant not to have the terms of the plea agreement breached by either party." Syllabus Point 4, *State v. Myers*, 204 W.Va. 449, 513 S.E.2d 676 (1998).

Syl. Pt. 4, *State v. Spade*, 225 W.Va. 649, 695 S.E.2d 879 (2010). On its face, the plea agreement in this case barred either party from requesting probation as a sentence in this matter. That petitioner requested such a sentence in the form of a Rule 35(b) motion instead of at sentencing does not change the fact that he attempted to undermine the enforceable right of the State to a sentence of incarceration. As such, we find no abuse of discretion in the circuit court denying petitioner's Rule 35(b) motion below.

For the foregoing reasons, the circuit court's October 6, 2016, sentencing order is hereby affirmed.

Affirmed.

---

[1] The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion for reconsideration" in criminal proceedings. Rule 35 does allow a circuit court to revisit its sentencing order for purposes of either correcting or reducing the sentence imposed.

**ISSUED**:  September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3