# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0984** (Kanawha County 16-F-152)

**Tyler Ferrebee,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tyler Ferrebee, by counsel Herbert L. Hively II, appeals the Circuit Court of Kanawha County's September 19, 2016, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Sarah B. Massey, filed a response and supplemental brief. On appeal, petitioner argues that his sentence is disproportionate to the crime he committed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the January of 2016 term, petitioner was indicted on one count of first-degree robbery and one count of first-degree murder. Petitioner entered into a plea agreement with the State whereby he agreed to plead guilty to the first-degree robbery charge in exchange for dismissal of the first-degree murder charge. The circuit court accepted petitioner's plea and sentenced him to a determinate term of forty years of incarceration in the penitentiary.

On September 16, 2016, petitioner filed a "Motion to Reconsider" pursuant to West Virginia Rule of Criminal Procedure 35(b).[1] By order entered on this same date, the circuit court denied petitioner's Rule 35(b) motion. It is from this order that petitioner appeals.

On appeal, petitioner's sole assignment of error is that his sentence is disproportionate to the crime he was convicted of committing under both the United States and West Virginia Constitutions.

We have previously established the following standard of review:

---

[1]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion to reconsider" in criminal proceedings. Rule 35 of the West Virginia Rules of Criminal Procedure allows a court to revisit its sentencing order to correct or reduce the sentence imposed.

1

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

Petitioner's arguments concerning the constitutionality of his sentence are outside the scope of appeal of a ruling on a Rule 35(b) motion. In *Marcum*, we held that "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." 238 W.Va. at --, 792 S.E.2d at 38, Syl. Pt. 2, in part. Rule 35(b) may not be used to challenge the validity of a sentence, "whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion." 238 W.Va. at --, 792 S.E.2d at 42. Instead, "challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter." *Id.* Because petitioner's assignment of error challenging his sentence exceeds the scope of a Rule 35(b) motion, it is not properly before the Court.

For the foregoing reasons, the circuit court's September 19, 2016, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker