# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 17-0029** (Logan County 15-F-158)

**Jonathan Means,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jonathan Means, by counsel Dwayne J. Adkins, appeals the Circuit Court of Logan County's December 14, 2016, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Gordon L. Mowen II, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court abused its discretion in denying his Rule 35(b) motion and that his sentence is disproportionate to the crime he committed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 16, 2015, petitioner was indicted on one count of first-degree robbery by the presenting of a firearm and one count of felony destruction of property. Petitioner entered into a plea agreement with the State whereby he agreed to plead guilty to first-degree robbery with no finding of the use of any firearm in exchange for the dismissal of the felony destruction of property count. The State further agreed to recommend a period of imprisonment of sixteen years.

On December 29, 2015, petitioner was sentenced to thirty years of incarceration in the penitentiary. Shortly thereafter, he filed a "Motion for Reconsideration" pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner urged the circuit court to impose the sixteen-year sentence recommended by the State and informed the court of new information related to petitioner's substance abuse treatment. Petitioner filed a supplement to his motion setting forth policy reasons for reducing his sentence, and then filed a second supplement setting forth specific drug treatment, work, and restitution plans. The motion was set for hearing but was continued several times. Ultimately, without holding a hearing, the circuit court denied petitioner's motion on December 14, 2016, after consideration of "the magnitude of the offense[,]" "the victim's impact statement[,]" and "other matters surrounding this situation[.]" It is from this order that petitioner appeals.

1

On appeal, petitioner first argues that the circuit court abused its discretion in denying his Rule 35(b) motion after considering "other matters surrounding this situation" and without holding a hearing. Petitioner argues that the "denial order references unknown and undefined matters[,]" which prevents meaningful appellate review. Petitioner further argues that the circuit court should have held a hearing on his motion. Petitioner's second assignment of error is that his sentence is disproportionate to his crime.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

To begin, petitioner's arguments concerning the proportionality of his sentence are outside the scope of appeal of a ruling on a Rule 35(b) motion. In *Marcum*, we held that "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." 238 W.Va. at --, 792 S.E.2d at 38, Syl. Pt. 2, in part. Rule 35(b) may not be used to challenge the validity of a sentence, "whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion." 238 W.Va. at --, 792 S.E.2d at 42. Instead, "challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter." *Id.* Because petitioner's assignment of error challenging his sentence exceeds the scope of a Rule 35(b) motion, it is not properly before the Court.

With respect to petitioner's claim that the circuit court abused its discretion by considering "other matters surrounding this situation[,]" we note "skeletal arguments" that are nothing more than assertions do not preserve claims. *State v. Myers*, 229 W.Va. 238, 246, 728 S.E.2d 122, 130 (2012).

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*Id.* at 241, 728 S.E.2d at 125, Syl. Pt. 4, in part (internal quotations and citations omitted). Petitioner does nothing more than assert that the trial court may have considered some impermissible factor in denying his Rule 35(b) motion. Because error will not be presumed, and

2

because the circuit court outlined the reasons for its denial, we find that the circuit court did not abuse its discretion in denying petitioner's motion.

Finally, petitioner argues that the circuit court's scheduling of a hearing and continuing of that hearing created an expectation that a hearing would be held and that, under these circumstances, to issue a ruling without conducting a hearing amounts to error. But petitioner cites no authority to support this argument. Because petitioner has failed to demonstrate any error in the failure to hold a hearing, we find no abuse of discretion.

For the foregoing reasons, the circuit court's December 14, 2016, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker