# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0301** (Jackson County 16-F-6)

**Michelle Eads,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michelle Eads, by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's February 27, 2017, order denying her Rule 35(b) motion for reduction of sentence. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court abused its discretion in denying her Rule 35(b) motion for reduction of sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 23, 2016, petitioner was indicted for one count of daytime burglary, one count of grand larceny, and one count of conspiracy. Petitioner entered into a plea agreement with the State whereby she agreed to plead guilty to one count of conspiracy and testify against a co-defendant in exchange for the dismissal of the remaining counts. Following the entry of her guilty plea, petitioner underwent a presentence diagnostic evaluation which indicated that she had a high risk level of recidivism.

On November 10, 2016, petitioner was sentenced to one to five years of incarceration, with credit for twenty-two days for time served. The circuit court further ordered petitioner to pay restitution to the victims, joint and several with her co-defendant, in the amount of $2,200.00. Thereafter, she filed a "Motion for Reconsideration" pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner urged the circuit court to impose the alternative sentence of home incarceration recommended by the State. Petitioner informed the circuit court that she recently spent her first Thanksgiving and Christmas holidays away from her children, which had a "huge impact" on her, and that she did not want to miss those family moments in the future. Ultimately, without holding a hearing, the circuit court denied petitioner's motion on February 27, 2017, after consideration of petitioner's motion, the record, the

1

presence diagnostic evaluation, and the statements of counsel. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court abused its discretion in denying her Rule 35(b) motion without holding a hearing.[1] Petitioner argues that at the time the circuit court denied her motion for reconsideration, she had been incarcerated for four months, which she contends established a change in circumstances sufficient to warrant a hearing upon the motion.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

*Marcum*, 238 W.Va. at 27, 792 S.E.2d at 38, Syl. Pt. 1.

While petitioner argues that the circuit court abused its discretion by denying her Rule 35(b) motion without first holding a hearing, she cites to no authority supporting her argument. We note "skeletal arguments" that are nothing more than assertions do not preserve claims. *State v. Myers*, 229 W.Va. 238, 246, 728 S.E.2d 122, 130 (2012). Indeed,

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*Id.* at 241, 728 S.E.2d at 125, Syl. Pt. 4, in part (internal quotations and citations omitted). In her brief on appeal, petitioner simply asserts that the circuit court erred in denying her Rule 35(b)

---

[1]Petitioner also argues that the sentence imposed is disproportionate given the nature of the offense, the legislative purpose behind the punishment, and comparisons of imposed sentences for similar offenses. Petitioner's arguments concerning the proportionality of her sentence are outside the scope of appeal of a ruling on a Rule 35(b) motion. In *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we held that "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." 238 W.Va. at 27, 792 S.E.2d at 38, Syl. Pt. 2, in part. Rule 35(b) may not be used to challenge the validity of a sentence, "whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion." 238 W.Va. at 31, 792 S.E.2d at 42. Instead, "challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter." *Id.* Because petitioner's argument challenging her sentence exceeds the scope of a Rule 35(b) motion, it is not properly before the Court.

motion without first holding a hearing when she had continuously served her sentence for four months, demonstrating a change in circumstances sufficient to warrant a hearing. Given that petitioner cites to no law regarding her alleged error and that the circuit court set forth the reasons for its denial, we will not presume error and find that the circuit court did not abuse its discretion in denying petitioner's motion.

For the foregoing reasons, the circuit court's February 27, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker