# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0229** (Cabell County 15-F-106)

**Kenneth Ray Buskirk,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth Ray Buskirk, pro se, appeals the Circuit Court of Cabell County's February 7, 2017, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Benjamin F. Yancey III, filed a response. Petitioner filed a reply. On appeal, petitioner argues that his sentence violates his plea agreement, that the State breached the plea agreement by failing to remain silent at sentencing, that the State committed perjury at sentencing, and that he was not advised of his right to withdraw his plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, petitioner was indicted on four counts of destruction of property, four counts of petit larceny, two counts of entry of a building other than a dwelling, one count of malicious assault on a government official, one count of fleeing in a vehicle, one count of obstructing a police officer, one count of fleeing from an officer, and one count of fleeing in a vehicle with reckless indifference. Petitioner and the State entered into a plea agreement whereby petitioner agreed to plead guilty to one count of destruction of property, one count of entry of a building other than a dwelling, one count of malicious assault on a government official, and one count of transferring stolen property in exchange for the dismissal of the other counts charged in the indictment as well as certain other indictments and bound-over matters.[1] The circuit court accepted the parties' agreement, adjudged petitioner guilty of the aforementioned crimes, and sentenced him to consecutive terms of incarceration effectively totaling six to forty-five years of incarceration.

---

[1]Petitioner's transferring stolen property charge was charged by information, which was also the subject of the parties' plea agreement.

On January 20, 2017, petitioner moved for reduction of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[2] The circuit court denied this motion on February 7, 2017, and it is from this order that petitioner appeals.

We previously established the following standard for reviewing orders denying a Rule 35(b) motion:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner assigns as error grounds related to the entry of his plea and his sentence. Specifically, petitioner asserts that he was "under the impression that the plea agreement was a binding one" as to sentencing and that he would be given concurrent sentences totaling no more than fifteen years of incarceration. Petitioner also asserts that the State breached its agreement to remain silent at sentencing and committed perjury by asserting that the police officer petitioner maliciously assaulted required knee surgery. Petitioner claims that the officer sustained only bruising and did not undergo surgery. Finally, petitioner argues that he had a right to withdraw his guilty pleas if the circuit court did not sentence him in line with a sentencing recommendation, but that he was not advised of this right.[3]

Petitioner's assignments of error are outside the scope of appeal of a ruling on a Rule 35(b) motion. In *Marcum*, we noted that motions under Rule 35(b) are "essentially . . . plea[s] for leniency from a presumptively valid conviction." 238 W.Va. at 31, 792 S.E.2d at 42 (citation omitted). Challenges to a defendant's conviction or the validity of a sentence imposed "should be

---

[2]Rule 35(b) provides, in part, that

[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

[3]This assignment of error appears to be the result of petitioner's misreading of Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure. Where the State agrees to recommend a specific sentence or not oppose a request for a specific sentence, "the court shall advise the defendant that if the court does not accept the recommendation or request, the defendant nevertheless has *no* right to withdraw the plea." *Id.* (emphasis added).

made through a timely, direct criminal appeal[.]" *Id.* In sum, "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.* at 27, 792 S.E.2d at 38, Syl. Pt. 2. Because petitioner's assignments of error challenging his sentence exceed the scope of a Rule 35(b) motion, they are not properly before this Court.

For the foregoing reasons, the circuit court's February 7, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating