# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0607** (Jackson County 18-F-36)

**Ricky Parsons,**
**Defendant Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ricky Parsons, by counsel David B. Richardson, appeals the Circuit Court of Jackson County's June 18, 2018, order denying his motion for a reduction of his sentence. Respondent State of West Virginia, by counsel Holly M. Flanigan, filed a response. On appeal, petitioner asserts that the circuit court erred in denying his motion for a reduction of his sentence when he should have been sentenced to community corrections, rather than incarceration, and when his sentences should have been ordered to run concurrently, rather than consecutively.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered into a plea agreement in May of 2018 whereby he agreed to plead guilty to one count of conspiracy to commit a felony—transferring and receiving stolen property—and one count of obstruction of an officer in exchange for the State's agreement to dismiss the other counts in the indictment and to refrain from filing a recidivist information. The plea agreement expressly provided that petitioner's sentence would be left to the sole discretion of the circuit court and that petitioner would have no right to withdraw his plea in the event that he was displeased with his sentence.

In May of 2018, the circuit court held a sentencing hearing. Petitioner requested that he be sentenced to community corrections rather than incarceration and stated that he had successfully completed probation in the past. Petitioner contended that his criminal behavior stemmed from not working and that he planned to obtain employment. Regarding his criminal history, petitioner averred that his record contained "primarily misdemeanors . . . the large majority [of which] have all been dismissed." If sentenced to incarceration, petitioner requested that the sentences run

1

concurrently. The State requested that petitioner be sentenced to incarceration. The State noted petitioner's substantial criminal history, including felony charges that were ultimately pled down to misdemeanors. The State further pointed out that petitioner had previously been granted every alternative sentence available, yet continued to engage in criminal behavior. Indeed, during the pendency of the case, petitioner left the State without permission, was charged with domestic battery in another state, and was incarcerated. After being released, petitioner "picked up an additional obstruction" charge and was returned to jail. Petitioner also failed to comply with the presentence investigation, and the investigating officer opined in the report that petitioner had not accepted responsibility for his actions or expressed remorse. Lastly, the State noted that even since the presentence investigation had been conducted, petitioner was charged with additional crimes including driving on a revoked license and fleeing from an officer.

Ultimately, the circuit court sentenced petitioner to not less than one, nor more than five, years of incarceration for the conspiracy charge and to a determinate term of one year of incarceration for the obstruction charge. The circuit court ordered that the sentences run consecutively. Petitioner did not file a direct appeal with this Court, but moved the circuit court to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure in June of 2018. Without holding a hearing on the matter, the circuit court denied petitioner's motion, noting that all matters and circumstances contained in the motion were carefully scrutinized at the sentencing hearing and that it had announced its reasons for the sentence imposed at that hearing. It is from the June 18, 2018, order denying petitioner's motion for a reduction of sentence that he appeals.

We have previously established that

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner argues that the circuit court erred in denying his motion to reduce his sentence. He claims that the circuit court abused its discretion in sentencing petitioner to incarceration rather than a form of alternative sentencing such as community corrections. According to petitioner, the circuit court failed to acknowledge that he "accepted responsibility for his criminal conduct," failed to give sufficient weight to the fact that he had never previously been convicted of a felony, and also failed to appreciate the substantial amount of time he had been incarcerated prior to sentencing. Petitioner also argues that the circuit court erred in ordering that his sentences run consecutively rather than concurrently. Petitioner asserts that he acknowledged his prior misdemeanor convictions and history of bad behavior, and notes that "the recent boom" in the pipeline industry has developed "lucrative employment opportunit[ies] . . . in Jackson [County] and surrounding counties for persons with the unique skills of a certified pipefitter." By

2

requiring that he serve his sentences consecutively, petitioner contends the circuit court imposed an unduly harsh sanction that will prevent him from finding gainful employment and supporting his children. We find petitioner's arguments to be without merit.

Petitioner's assignments of error are outside the scope of appeal of a ruling on a Rule 35(b) motion. In *Marcum*, we noted that motions under Rule 35(b) are "essentially . . . plea[s] for leniency from a presumptively valid conviction." 238 W. Va. at 31, 792 S.E.2d at 42 (citation omitted). Challenges to a defendant's conviction or the validity of a sentence imposed "should be made through a timely, direct criminal appeal." *Id.* In sum, "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." *Id.* at 27, 792 S.E.2d at 38, syl. pt. 2. Lastly, in considering a defendant's Rule 35(b) motion, "circuit courts generally should consider *only those events that occur within the 120–day filing period*." *Id.* at 27, 792 S.E.2d at 38, syl. pt. 3, in part (emphasis added).

Petitioner offered essentially no information relevant to any events that occurred after sentencing to support his plea for leniency. As noted above, circuit courts should generally consider only those events that occurred following sentencing, but prior to the filing of a Rule 35(b) motion. Here, petitioner did not argue, nor cite to any portion of the record, showing any change in circumstances or remedial efforts made by him following his sentencing. Rather, petitioner essentially asks this Court to find that the circuit court abused its discretion in imposing sentences of incarceration which are set to run consecutively. While petitioner argues that the circuit court should have afforded him leniency so that he could obtain employment and support his family, he cites to no authority demonstrating that the circuit court abused its discretion in failing to grant relief based upon his self-serving, unsubstantiated claims of potential employment. In sum, petitioner's arguments are outside the scope of this appeal given that he provided no information regarding events that occurred in the 120-day filing period. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for a reduction of sentence.

For the foregoing reasons, we affirm the circuit court's June 18, 2018, order denying petitioner's Rule 35(b) motion.

Affirmed.

**ISSUED:** November 8, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Evan H. Jenkins

**NOT PARTICIPATING:**

Justice Tim Armstead
Justice John A. Hutchison