**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Petitioner Below, Respondent**

**vs.) No. 20-0324** (Greenbrier County 18-F-60(B) and 19-F-111(B))

**David Canaday, Jr.,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner David Canaday, Jr., by counsel Joshua L. Edwards, appeals the April 29, 2020, order of the Circuit Court of Greenbrier County sentencing him to an indeterminate three-to-ten-year term of incarceration. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, petitioner met with Michelle Farley at her home after she called him seeking to purchase methamphetamine. Petitioner did not have any methamphetamine he was willing to sell but agreed to share what he had with Ms. Farley. The two went into Ms. Farley's bathroom alone and used methamphetamine together. Ms. Farley overdosed while in the bathroom with petitioner. Ms. Farley's father, who was also living in the home, entered the bathroom. He called for an ambulance, but Ms. Farley was unable to be revived by paramedics.

Petitioner was indicted in June of 2018 on two felony counts of delivery of a controlled substance and one count of felony murder. The State filed a criminal information against petitioner in June of 2019, charging him with one felony count of delivery of a controlled substance and one felony count of failure to render aid. The State also filed an information regarding sentence,

1

alleging that petitioner had been convicted of conspiracy to commit burglary in 2012, for which he was granted an alternative sentence at the Anthony Center.[1]

Petitioner entered into a plea agreement whereby he agreed to plead guilty to two counts of delivery of a controlled substance. Petitioner also agreed to admit that he was the individual named in the information regarding sentencing and acknowledged that this would expose him to an enhanced sentence. In exchange, the State agreed to dismiss the remaining charges. In June of 2019, the circuit court held a plea hearing and, following an extensive plea colloquy, accepted his guilty pleas and his admission of the information regarding sentencing. The circuit court ordered the preparation of a pre-sentence investigation report and scheduled the matter for sentencing.

The circuit court held the final sentencing hearing in September of 2019. Petitioner moved for alternative sentencing so that he could complete the Recovery Point substance abuse treatment program. Petitioner exercised his right to allocution, asserting that he sought out the Recovery Point substance abuse treatment program after he relapsed following the death of his grandfather in August of 2019. Petitioner stated that he had been attending the six-month program at Recovery Point for "a couple of weeks." The State objected to petitioner's motion for alternative sentencing, arguing that such a sentence depreciated the nature of the offense.

In pronouncing its sentence, the circuit court considered that petitioner was a thirty-year-old man with the equivalent of a high school diploma, which he received during his prior felony sentence at the Anthony Center. The court noted that petitioner was "not a stranger" to the criminal justice system or to various means of community corrections. According to the pre-sentence investigation report, petitioner completed the Anthony Center program, which the court considered "suggest[s] that [petitioner] may do better when he is under the strict supervision that fences and locked doors provide." After petitioner's release from the Anthony Center and while under probation supervision related to this prior sentence, petitioner re-offended and was reincarcerated. The circuit court concluded that petitioner "ha[d] only gone [a] short period of time during his adult life without running afoul of the criminal laws." The circuit court reasoned that

> given [petitioner's] history of disregard for the law as well as the seriousness of the crimes for which he stands convicted, that any sentence other than one of active incarceration would unduly depreciate the seriousness of the crimes and his failure to benefit on an ongoing basis from the opportunities that have been provided to him in the past.

Thus, the circuit court ordered petitioner to serve an enhanced two-to-five-year term of incarceration for one count of delivery of a controlled substance and a one-to-five-year term of

---

[1] "Anthony Center" refers to the Anthony Correctional Center, which is a potential alternative sentence for young adult offenders between the ages of eighteen and twenty-five. Offenders are committed for a term of six months to two years and are released on probation if successful in completing the program's requirements. *See* W. Va. Code §§ 25-4-1 – 25-4-12.

incarceration for the second count of delivery of a controlled substance. The court ordered that the terms of incarceration would be served consecutive to each other, for an aggregate three-to-ten-year term of incarceration. Finally, the court recommended that petitioner participate in the residential substance abuse treatment ("RSAT") program that was offered by the Division of Corrections and Rehabilitation. The order memorializing the circuit court's decision was entered on December 6, 2019.

In February of 2020, petitioner, by counsel, filed a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[2] In the motion, he asserted that the circuit court "ordered that [he] participate in the RSAT program," but that he had been unable to participate in the RSAT program thus far. Petitioner requested that he be furloughed so that he could participate in the Recovery Point program. Alternatively, petitioner requested that the circuit court modify his sentence and order that his terms of incarceration be served concurrently. The circuit court addressed petitioner's motion by order entered in March of 2020. It clarified that it merely recommended—not ordered—that petitioner participate in the RSAT program and considered that "[a]mple time remain[ed] within the period of the sentences imposed upon [petitioner] for him to participate in the RSAT program." The circuit court concluded that petitioner had not "presented any new evidence or legal arguments to justify a reduction in his sentence" and "failed to present any compelling non-legal justification that warrant[ed] a reconsideration of his sentence." Accordingly, the circuit court denied petitioner's motion for reduction of sentence by its March 4, 2020, order.

Petitioner mailed two pro se letters to the circuit court in April of 2020. In the first letter, petitioner asked the court to "give the Reconsideration another thought." He asserted that he wished to appeal the court's prior decision, but that his counsel's law license was suspended, and he did not learn of the circuit court's March 4, 2020, order denying his prior motion for reduction of sentence until the time period to appeal had passed. Petitioner explained that he was not considered a "priority" for the RSAT program because he was not eligible for parole until June of 2022. He requested that his terms of incarceration be modified to be served concurrently so that his parole date would be sooner and, consequently, he would be considered a "priority" for the RSAT program. In the second letter, petitioner urged the circuit court to reduce his sentence because his mother had been diagnosed with "the virus that [is] goin[g] around" (presumably COVID-19) and his pregnant sister was due to deliver a baby "any day." Petitioner averred that he would participate in any number of community correction opportunities, such as "drug court, day report, [and] a lot of probation." Finally, petitioner requested that the circuit court "just please reconsider my reconsideration that you denied."

On April 29, 2020, the circuit court issued an order that characterized petitioner's pro se letters as subsequent motions for reconsideration. Regarding these motions, the circuit court found

---

[2]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides, in relevant part, that "a motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed."

that the time period to file motions for reconsideration expired on April 6, 2020. Therefore, the circuit court concluded that the motions were not timely filed. However, the circuit court also found that the motions "largely reiterate the grounds for relief previously rejected by the [c]ourt, and they do not present any new evidence or new legal arguments that would justify a reduction or modification of [petitioner's] sentence." The court noted that petitioner's counsel's law license was indeed suspended on March 20, 2020, which was prior to the expiration of the time period wherein petitioner could appeal its prior decision. Accordingly, the circuit court ordered that petitioner would be appointed counsel and that he would be permitted to appeal its March 4, 2020, order denying his first motion for reconsideration of sentence. Petitioner now appeals the circuit court's April 29, 2020, order denying his motions for a reduction of sentence.

On appeal, petitioner argues that the circuit court abused its discretion in denying his pro se motions upon a legal error. Petitioner avers that the circuit court's finding that the motions were untimely filed is clearly erroneous because of this Court's orders declaring a judicial emergency that extended the deadlines for certain filings. *See* Administrative Order entered March 22, 2020, Re: Judicial Emergency Declared; and Administrative Order entered April 3, 2020, Re: Judicial Emergency Declared, Amended Order. He argues that, because the timelines were extended by this Court, "it was error and therefore an abuse of discretion not to fully consider his motions." Petitioner also argues that the circuit court erred in rejecting his motions because they "failed to raise 'new evidence or legal arguments that would justify a reduction or modification of [petitioner's] sentence.'" According to petitioner, his assertions that his mother had been diagnosed with COVID-19 and that his sister was expected to soon be in labor with her child were both facts that could justify a reduction in his sentence. Finally, petitioner argues that the circuit court abused its discretion in refusing to reduce his sentence so that he could pursue substance abuse treatment at Recovery Point.

This Court has held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). A motion for reduction of sentence under Rule 35(b) is "essentially a plea for leniency from a presumptively valid conviction." *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring).

First, we find that the circuit court erred in finding that petitioner's Rule 35(b) motions were not timely filed. As petitioner correctly points out on appeal, this Court's administrative orders extended deadlines "set to expire between March 23, 2020, and May 1, 2020 . . . to May 4, 2020." *See* Administrative Order entered April 3, 2020, Re: Judicial Emergency Declared, Amended Order. However, we also find that this error was harmless because the circuit court did

not rely solely on its erroneous determination to dispose of petitioner's motions. "[N]onconstitutional error is harmless when it is highly probable the error did not contribute to the judgment." *State v. Guthrie*, 194 W. Va. 657, 684, 461 S.E.2d 163, 190 (1995). The circuit court set forth two other compelling reasons for denial when it found that the motions "largely reiterate the grounds for relief previously rejected by the [c]ourt, and they do not present any new evidence or new legal arguments that would justify a reduction or modification of [petitioner's] sentence." Although the court believed petitioner's motions were untimely, it nevertheless considered the substance of those motions and found that the information contained therein did not justify a reduction or modification of petitioner's sentence. We agree with the circuit court's substantive evaluation, and thus, this error is harmless.

Further, we agree with the circuit court that petitioner had ample time to complete the RSAT program offered by the Division of Corrections and Rehabilitation. Petitioner's assertions that he could have participated in the program at Recovery Point ignore the circuit court's prior findings that any other sentence "other than one of active incarceration would unduly depreciate the seriousness of [petitioner's] crimes and his failure to benefit on an ongoing basis from the opportunities that have been provided to him in the past." In conclusion, we find no abuse of discretion in the circuit court's denial of petitioner's motions for a reduction of sentence.

For the foregoing reasons, we find no error in the circuit court's April 29, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5