**FILED**
**August 31, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0605** (Kanawha County 17-F-335)

**Todd Wayne Boyes,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Todd Wayne Boyes, self-represented, appeals the May 7, 2021, order of the Circuit Court of Kanawha County denying his motion to correct an illegal sentence. The State of West Virginia, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response and a supplemental appendix in support of the circuit court's order. Petitioner filed an amended brief. Respondent filed a second response. On appeal, petitioner argues that the circuit court erred in denying his motion to correct an illegal sentence.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, a six-count indictment was returned against petitioner. Four months later, petitioner pled guilty to three felony counts charged: fleeing with reckless indifference, fleeing from police causing bodily injury, and possession of a stolen vehicle. After accepting petitioner's guilty pleas, the circuit court sentenced petitioner in December of 2017 to the statutorily prescribed terms of incarceration, which amounted to an aggregate term of not less than five nor more than twenty years of incarceration, and dismissed the remaining counts. All sentences were ordered to run consecutively.

In February of 2021, petitioner, while self-represented, filed a motion to correct an illegal sentence, arguing that the fleeing felonies were "of the same nature during the same transaction" and violated the prohibition against double jeopardy. Without holding a hearing, the circuit court denied petitioner's motion. Petitioner now appeals the circuit court's May 7, 2021, order denying his motion to correct an illegal sentence.

1

On appeal, petitioner argues that the circuit court abused its discretion when it denied his motion to correct an illegal sentence. According to petitioner, two of his convictions violate his constitutional right against double jeopardy, specifically the prohibition against multiple punishments for the same offense. Petitioner argues that the offenses of fleeing with reckless indifference and fleeing from police causing bodily injury were part of the same transaction that occurred on February 25, 2017, and thus were not separate offenses. Petitioner also argues that the court erred by ordering the sentences for these offenses to run consecutively because the two offenses are "greater and lesser included offenses," and the protection against double jeopardy "forbids cumulative punishment" in this instance. In support, petitioner cites the following: "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Brown v. Ohio*, 432 U.S. 161, 169 (1977).[1] He then argues that the legislature "took the core crime of flight [in West Virginia Code] § 61-5-17(e) then divided 'a single crime into a series of temporal or spatial units'" and goes on to explain that the various subsections of West Virginia Code § 61-5-17 share some common elements.[2]

This Court has held that

_____

[1] Petitioner mistakenly cites *Braverman v. United States*, 317 U.S. 49 (1942) for the quoted text.

[2] Although, as discussed below, we find that petitioner's double jeopardy arguments have been waived, we nonetheless find that he was not given "multiple punishments for the same offense." Syl. Pt. 1, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992). Such a claim is "resolved by determining the legislative intent as to punishment." *Id.* at 143, 416 S.E.2d at 260.

> If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses.

*Id.* at 138, 416 S.E.2d at 255, Syl. Pt. 8. Below, the statutes at issue are subsections (h) and (f) of West Virginia Code § 61-5-17. As properly recognized by the lower court, because there is no clear expression by the legislature that these two offenses were intended to be separate and distinct offenses, the *Blockburger* test is applied. Petitioner is correct that the two subsections above share three elements of proof: 1) fleeing in a vehicle, 2) from law enforcement officers, 3) after the officers have given a clear visual or audible signal directing the defendant to stop. However, the subsections each clearly contain an element of proof that the other does not. Subsection (f) requires the vehicle to be operated in a manner showing reckless indifference to the safety of others while subsection (h) requires bodily injury resulting from the flight. Contrary to petitioner's arguments, these two elements of proof are different, and thus, there is a presumption that the legislature intended the offenses to be separate and distinct. Accordingly, petitioner was punished for separate offenses, and his constitutional protections against double jeopardy were not violated.

2

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head,* 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). Additionally, "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence." W. Va. R. Crim. P. 35(a).

We find that petitioner's double jeopardy claim was waived by the entry of his knowing and voluntary guilty plea. This Court has held that

[i]f a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double jeopardy grounds. One exception to this rule permits a defendant to show that the face of the record in the case establishes that a court lacked power to convict or sentence the defendant.

Syl. Pt. 2, *State v. Coles*, 234 W. Va. 132, 763 S.E.2d 843 (2014). In *Coles*, the defendant pled guilty to obtaining money by false pretenses and fraudulent scheme. *Id.* at 134, 763 S.E.2d at 845. The defendant filed a motion to correct an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, arguing, for the first time, that the two felony convictions violated his protections against double jeopardy. *Id.* at 135, 763 S.E.2d at 846. To determine whether the defendant had waived his double jeopardy claim, the Court analyzed the following holding from *United States v. Broce*, 488 U.S. 563 (1989):

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.

*Broce*, 488 U.S. 563, 569 (1989). The *Coles* Court further noted that the exception referenced in *Broce*—i.e., where a court lacks power—includes where "judged on its face—the charge is one which the State may not constitutionally prosecute." *Coles*, 234 W. Va. at 136, 763 S.E.2d at 847 (quoting *Broce*, 488 U.S. at 575).

Relying on *Broce*, this Court held that "if a guilty plea is shown to have been intelligently and voluntarily entered into, generally it cannot be directly or collaterally attacked on double

jeopardy grounds." *Coles*, 234 W. Va. at 136, 763 S.E.2d at 847. Having found that petitioner was limited to arguing that his guilty plea had not been entered into intelligently and voluntarily and that he made no such showing, the Court in *Coles* determined that the defendant had waived this double jeopardy claim. *Id.* at 137, 763 S.E.2d at 848.

Like the defendant in *Coles*, petitioner pled guilty to offenses which he later claimed violated his protection against double jeopardy via a motion to correct an illegal sentence, and he failed to make a showing that his guilty pleas were not intelligently and voluntarily made.[3] Also like the defendant in *Coles*, petitioner does not argue that the court did not have the power to enter a conviction or impose a sentence for fleeing with reckless indifference and fleeing from police causing bodily injury, nor do we find that the limited record on appeal reveals a lack of jurisdiction over these crimes. As such, we find that petitioner waived his double jeopardy claim and we will not consider it on appeal.[4] *See also State v. Proctor*, 227 W. Va. 352, 364, 709 S.E.2d 549, 651 (2011) ("A knowing and voluntary guilty plea waives all antecedent, nonjurisdictional defects. A double jeopardy claim is not a 'true' jurisdictional issue (one that renders the court powerless to consider the case) and for that reason can be subject to waiver under appropriate circumstances.") (quoting *State v. Greene*, 196 W. Va. 500, 507 n.1, 473 S.E.2d 921, 928 n.1 (1996)), *overruled on other grounds by State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

For the foregoing reasons, the circuit court's May 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]The supplemental appendix contains petitioner's guilty pleas, which outline the waiver of his various constitutional rights, pre-trial defects, and all non-jurisdictional defects. Petitioner acknowledged his understanding of these waivers and signed every page for each guilty plea.

[4]We acknowledge that the circuit court resolved petitioner's Rule 35(a) motion on grounds other than waiver. This Court is not bound by that analysis, however, and "may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

4