# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**v.) No. 22-728** (Wood County CC-54-2021-F-4)

**Jeremy Thomas Allen,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jeremy Thomas Allen appeals the September 1, 2022, order of the Circuit Court of Wood County denying petitioner's motion for reconsideration of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia filed a response in support of the circuit court's order.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In November 2019, petitioner was driving a BMW SUV in Parkersburg, West Virginia, when Parkersburg police officer A.M. Rickman stopped petitioner for failing to stop at a stop sign. When asked for his license, registration, and proof of insurance, petitioner fled the traffic stop in the BMW. A short time later, Parkersburg police located the BMW with no occupants inside and determined that it had been stolen from Bexley Motorcar Company in Columbus, Ohio. After further investigation, petitioner was charged with fleeing from an officer in a vehicle with reckless indifference and receiving or transferring a stolen vehicle and he was released on bail.

In January 2020, petitioner stole a Honda Civic from Lou Thomas Subaru in Parkersburg. On December 24, 2020, petitioner was charged via a criminal complaint with grand larceny and receiving or transferring a stolen vehicle. Petitioner was indicted for these two incidents in January 2021, and charged with two counts of receiving or transferring a stolen vehicle, fleeing from an officer in a vehicle with reckless indifference, and grand larceny.

When petitioner was indicted, he had been incarcerated since July 26, 2020, for violating parole in an unrelated case. Petitioner was released for the parole violation on July 28, 2021, but he was not detained on the indictment in this case. Later, the circuit court revoked the petitioner's bond and issued a capias warrant for failing to appear at trial. The petitioner was arrested on April 26, 2022.

---

[1] Petitioner appears by counsel Joseph Munoz. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

In June 2022, petitioner pled guilty to two felonies, receiving and transferring a stolen vehicle (in November 2019) and grand larceny (in January 2020), pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. In this binding "C type" plea agreement, the State agreed that the petitioner would receive credit for time served from July 26, 2020, through March 11, 2021, and from April 26, 2022, until the date of sentencing if he complied with certain conditions. The court accepted the plea agreement.

At the sentencing hearing conducted on July 28, 2022, the State argued petitioner was entitled to 323 days of credit for time served on receiving and transferring a stolen vehicle, and no credit for time served on grand larceny. Petitioner's counsel objected, arguing petitioner was entitled to credit for time served on both charges. In response, the State argued the plea agreement did not specify that petitioner was to receive credit for time served on both convictions, and there was no agreement for concurrent sentencing. The court agreed with the State, and sentenced petitioner to one to five years imprisonment for receiving or transferring a stolen vehicle, with credit for 323 days served; petitioner was also sentenced to one to ten years imprisonment for grand larceny, with no credit for time served. The court entered a sentencing order to this effect on August 3, 2022.

On August 5, 2022, petitioner's counsel filed a motion for sentence reduction pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In this motion, petitioner argued "[p]ursuant to the plea agreement filed in this matter, [petitioner] should have been given credit for time served on both of the counts to which he pled guilty," and asked the court to "run the sentences concurrently." On September 1, 2022, the court denied petitioner's motion "given the facts and circumstances of [the offenses], the information provided in the Presentence Report[,] and for the reasons set forth at the time of the Sentencing . . . ."

On September 21, 2022, petitioner filed a notice of intent to appeal the circuit court's September 1, 2022, order denying his motion for sentence reduction. Subsequently, this Court entered a scheduling order explaining that

> the appeal in this matter arises from an order issued by the circuit court upon the petitioner's Rule 35(b) motion for sentence reduction. Accordingly, the assignments of error in this appeal must relate only to the circuit court's decision not to reduce the petitioner's sentence because "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

We generally apply a three-part test when reviewing a circuit court's decision on a Rule 35(b) motion for reduction of a sentence.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

2

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

In this appeal, petitioner argues the circuit court breached the plea agreement when imposing sentence in the August 3, 2022, sentencing order. Specifically, he argues the court imposed an incorrect amount of credit for time served. However, petitioner has not appealed his sentencing order. Rather, he is appealing the September 1, 2022, order denying his Rule 35(b) motion for sentence reduction. "[A] motion to reduce a sentence under Rule 35(b) 'is essentially a plea for leniency from a presumptively valid conviction.'" *Marcum*, 238 W. Va. at 31, 792 S.E.2d at 42 (quoting *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J. concurring)). We have made clear that "Rule 35(b) cannot be used as a vehicle to challenge . . . the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion." *Id.* "In other words, challenges to . . . the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter." *Id.* Thus, it is not the province of a Rule 35(b) motion to address the petitioner's claim. He cannot shoehorn his challenge to the sentencing order into this appeal of the order denying a Rule 35(b) motion.

Contrary to the directive in this Court's scheduling order, petitioner's brief does not make any arguments regarding the denial of a motion for reduction of sentence. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal. We deem these errors abandoned because these errors were not fully briefed." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citation omitted). As such, we find no error and affirm the circuit court's September 1, 2022, order denying the Rule 35(b) motion.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice John A. Hutchison
Justice C. Haley Bunn