**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-541** (Jackson County CC-18-2023-F-18)

**Matthew Wayne Archer,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

The petitioner, Matthew Wayne Archer, appeals the Circuit Court of Jackson County's August 29, 2023, order denying Rule 35(b) relief.[1] The petitioner argues that the circuit court erred in denying his motion for reconsideration of his sentence because the court illegally denied his release on bond and did not give him full credit for time served. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On January 31, 2023, at around 4:45 p.m., the petitioner was arrested for driving while license revoked for DUI, third offense and fleeing with reckless indifference. At approximately 8:48 p.m. on the date of his arrest, the magistrate court set the petitioner's bond at $5,000, property or surety. The petitioner was on parole at the time of his arrest, and the West Virginia Department of Corrections (DOC) placed an arrest hold on him at approximately 12:02 a.m. on February 1, 2023. The grand jury indicted the petitioner for the charged offenses, and he subsequently resolved those charges with the State by plea agreement on May 8, 2023.

On June 21, 2023, the circuit court held a hearing for entry of the petitioner's plea and sentencing. Prior to accepting the petitioner's guilty plea, the court inquired into whether "the parties received a copy of the [pre-sentence investigation report] and had adequate time to go over it[.]" Through counsel, the petitioner verified that he reviewed the report and stated that there were "no substantial additions or corrections" that he wished to make known to the court. The court accepted the petitioner's plea of guilty to driving while license revoked for DUI, third offense and fleeing with reckless indifference. The court sentenced the petitioner to not less than one nor more than three years imprisonment for driving while license revoked for DUI, third offense and not

---

[1] The petitioner appears by counsel Meghan M. Capps. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

less than one nor more than five years imprisonment for fleeing with reckless indifference. The court ordered each sentence to be served consecutively with each other and for each sentence to also be served consecutively with any other sentences. Based on the pre-sentence investigation report's notation that the petitioner had been in custody from January 31, 2023, to February 1, 2023, and May 28, 2023, to June 21, 2023, on the present charges, the court granted the petitioner twenty-six days credit for time served. The court entered its sentencing order on June 30, 2023.

On August 22, 2023, the petitioner filed a motion for reconsideration of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure,[2] in which he preliminarily notes the procedural history of his convictions and the circuit court's determination that he was entitled to only twenty-six days credit for time served. The petitioner asked the court to consider modifying his sentence to allow for home confinement, or alternatively, concurrent sentences with credit for time served "for the time spent incarcerated on the parole hold from February 1, 2023, to May 27, 2023[.]" The factors the petitioner asked the court to consider in support of his request for leniency included: (1) his fiancée's brain tumor and single parenting of seven children, with one of those children being confined to a wheelchair with cerebral palsy and three other children being diagnosed with cystic fibrosis; (2) the difficulty of divorcing his wife while imprisoned; (3) his concerns for his personal health, which he did not think was being adequately addressed while imprisoned; and (4) his intention of beginning the process of getting a valid driver's license. By its order entered on August 29, 2023, the circuit court denied the petitioner's request for reconsideration of his sentence, stating that he had

> raise[d] no factor relevant to the [c]ourt's consideration of an appropriate sentence in support of the relief sought that was not already fully considered by the [c]ourt at the time of sentencing. Additionally, the [c]ourt notes [the petitioner's] substantial criminal history and multiple failed prior attempts at community corrections. Moreover, the record of this matter contains adequate justification for consecutive sentencing.

The petitioner now appeals the circuit court's order denying his Rule 35(b) motion.[3]

---

[2] Rule 35(b) of the West Virginia Rules of Criminal Procedure provides, in relevant part, that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed[.]"

[3] The petitioner's appellate brief was filed pursuant to Rule 10(c)(10) of the West Virginia Rules of Appellate Procedure, which provides:

> The following requirements must be observed when counsel in a criminal, habeas corpus, or abuse and neglect case is directed by a client to file an appeal where counsel lacks a good faith belief that an appeal is reasonable and warranted under the circumstances:

> (a) Counsel must engage in a candid discussion with the client regarding the merits of the appeal. If, after consultation with the client, the client insists on proceeding with the appeal, counsel must file a notice of appeal and perfect the

This Court has held:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head,* 198 W. Va. 298, 480 S.E.2d 507 (1996). This Court has also indicated that, "in the final analysis, a Rule 35(b) motion is essentially a plea for leniency from a presumptively valid conviction." *Id.* at 306, 480 S.E.2d at 515.

The petitioner alleges that the circuit court erred in denying his Rule 35(b) motion because the processing of his bond was mishandled in violation of his constitutional rights. The petitioner argues that a property bond was posted in this case with the Jackson County Circuit Clerk, but the clerk's office failed to properly "put [the bond order] through." As a result of this alleged error, the petitioner claims that the home incarceration program failed to complete the home review process required for his release from custody. Our review of the record on appeal has not gleaned evidence supportive of the petitioner's claim of error by the Jackson County Circuit Clerk; further, the record on appeal does not show, nor has the petitioner referenced, where he raised this issue in the circuit court, and it is this Court's general rule that "errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there." Syl. Pt. 17*, State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974). Nonetheless, we note that even if the petitioner's objection were documented within the appendix record and timely raised, this allegation of error is without merit. "When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally consider only those events that occur within the 120-day period" after sentencing. *See*

---

appeal on the petitioner's behalf. The petitioner's brief should raise any arguable points of error advanced by the client. Counsel need not espouse unsupportable contentions insisted on by the client[] but should present a brief containing appropriate citations to the appendix and any case law that supports the assignments of error.

(b) In extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

*Head*, 198 W. Va. at 299, 480 S.E.2d at 508, Syl. Pt. 5, in part; *see also* W. Va. R. Crim. P. 35(b) (establishing 120-day post-sentencing time period). Here, because the petitioner's bond and parole conditions pre-date his sentencing, such allegations of a *pre-sentencing* bond irregularity do not support his request for leniency under Rule 35(b). *See State v. Marcum*, 238 W. Va. 26, 32, 792 S.E.2d 37, 43 (2016) ("It is clear from the record that the petitioner failed to cite any event that had occurred post-sentencing that would warrant a reduction in his consecutive sentencing or an award of probation.").

Next, the petitioner alleges that the circuit court failed to grant him full credit for time served on his sentence. While the petitioner concedes that he was on parole when he was arrested on the current charges, he also contends that his "parole was not violated except for these charges that [he has] never been released for[.]" The petitioner argues that he is entitled to credit for the entire span of time he spent in custody prior to sentencing. As with his first assignment of error, the petitioner did not raise this claim in his Rule 35(b) motion in the circuit court; instead, he requested additional credit for time served during the DOC's parole hold, without specifically alleging that the circuit court erred in calculating his credit for time served. Notwithstanding the petitioner's lack of clarity, we observe that this Court has indicated that

> where a criminal defendant is incarcerated on separate charges unrelated to his conviction, we have consistently found that criminal defendant is not constitutionally entitled to credit for that time served toward his sentence. That caveat serves two purposes. First, it follows the language of West Virginia Code § 61-11-24, which provides that time served is credited toward a sentence for a conviction for time spent in "confinement awaiting *such* trial and conviction." Use of the word "such" in this context clearly excludes time served on separate, unrelated offenses from the calculation of days credited toward a sentence. Second, it forecloses the use of credit for time served as a reward for habitual criminal behavior.

*State v. Taylor*, 243 W. Va. 20, 23, 842 S.E.2d 224, 227 (2020). While there is scant information within the appellate record concerning the disposition of the petitioner's parole case, he acknowledges that he was under the DOC's parole hold from February 1, 2023, to May 27, 2023. The petitioner's pre-sentence investigation report excludes these dates from the computation of his credit for time served because, pursuant to *Taylor*, he is not entitled to receive credit on his sentence in this case for time served on his parole sentence. Therefore, the petitioner's assignment of error concerning credit for time served is without merit, and the circuit court did not abuse its discretion in denying his Rule 35(b) motion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 16, 2025

4

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison