**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 23-399** (Braxton County CC-04-2022-F-15)

Anthony Paletti,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Anthony Paletti appeals the Circuit Court of Braxton County's June 5, 2023, order denying his motion for reduction of sentence.[1] He argues that because of the procedural history of his case, the circuit court should have granted the motion and reduced his prison sentence to probation. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Pursuant to a plea agreement, on September 23, 2022, the petitioner pled guilty to one count of possession with intent to deliver a controlled substance, to wit, methamphetamine. Two other drug charges were dismissed. At the sentencing hearing on January 19, 2023, the petitioner informed the circuit court that he had recently completed an in-patient substance abuse treatment program and was residing in a sober living facility. He requested alternate sentencing such as probation. After considering the petitioner's criminal history and the presentence investigative report, the court expressly refused the petitioner's request for probation. The court sentenced the petitioner to the statutory sentence of one to fifteen years of imprisonment. However, the court agreed to delay execution of the prison sentence to allow the petitioner time to complete his treatment in the residential sober living program. The court also advised the petitioner that he could file a motion for reduction of sentence, but the court clearly indicated that there was no promise the motion would be granted. These rulings were reflected in a written sentencing order entered on February 6, 2023, which also advised the petitioner of his right to appeal. The petitioner did not appeal this order.

---

[1] The petitioner is represented by counsel Jonathan Fittro. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

1

The petitioner subsequently filed a "motion to reduce sentence" pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure,[2] and the circuit court conducted a hearing on that motion on May 4, 2023. The petitioner informed the court that he was ready to leave the sober living program and he had employment. The petitioner asked the court to modify his sentence of imprisonment to probation. The court denied this motion, indicating that the prison sentence previously imposed was fair and appropriate. This ruling was reflected in a June 5, 2023, written order.

In this appeal, the petitioner argues the circuit court erred in denying his motion to reduce his sentence. He contends, for the first time on appeal, that the circuit court lacked authority to suspend the execution of the prison sentence while he finished his treatment. He asks our Court to provide an "equitable remedy" by finding that the circuit court had "effectively placed" the petitioner on probation all along.

Critically, the focus of the petitioner's argument concerns the February 6, 2023, sentencing order—*which the petitioner did not appeal.* It is well-settled that "Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, in part, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). Thus, the circuit court's decision to sentence the petitioner to prison, and then to delay execution of this prison sentence, is not before us. The scope of this appeal is limited to whether the circuit court erred by denying the petitioner's Rule 35(b) motion to reduce his term of imprisonment to a term of probation.

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). With this standard in mind, we find no error in the circuit court's denial of the Rule 35(b) motion. The circuit court knew that the petitioner had successfully completed his treatment, was about to leave the sober living facility, and had employment, but the court still concluded that the statutory term of imprisonment was fair and appropriate for the petitioner's crime. This ruling was a reasonable exercise of the court's discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

**CONCURRED IN BY:**

---

[2] Rule 35(b) of the West Virginia Rules of Criminal Procedure provides, in relevant part, that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed[.]"

2

Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

**DISSENTING:**

Chief Justice C. Haley Bunn

Bunn, Chief Justice, dissenting:

 I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.